Roger D. Stacy, Esq.
SBN 208500
THE SOLUTIONS LAW CENTER APC
3645 Ruffin Road, Suite 100
San Diego, CA  92123
Telephone:  (858) 300-0033
Fax:   (858) 630-4000
Attorneys for Debtor

# UNITED STATES BANKRUPTCY COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: ) | Case No.  11-07757-MM-11 |
| ) | Chapter 11 |
| Cristobal Escojido, ) | |
| ) | Hearing Date: NA |
| Debtor. ) | Hearing Time: NA |
| _____) | Hearing Department: 1 |

### EMERGENCY EX-PARTE MOTION TO SET ASIDE DISMISSAL AND REINSTATE CHAPTER 11 CASE AND AUTOMATIC STAY

COMES NOW **CRISTOBAL ESCOJIDO,** (the "Debtor" and "Debtor-in-Possession"), through his attorney, Roger D. Stacy, Esq. of **THE SOLUTIONS LAW CENTER APC** and moves this Court to seek an Order setting aside the dismissal entered in this case on September 21, 2011 and reinstating the automatic stay, *nunc pro tunc* to September 21, 2011.  This motion is based on the within motion and the Declaration of Conrado Hinojosa filed concurrently in support of this motion.

**1.**	On August 4, 2011, this Court held a Status Conference and issued an Order After Status Conference Hearing on August 10, 2011 ("Order After Hearing") requiring the Debtor to

provide certain compliance-related documents to the US Trustee and to file certain motions or other documents with the Court, all by September 15, 2011.

**2.** On September 21, 2011 this Court entered an Order Dismissing Case For Failure to Follow Order After Status Conference Hearing upon the submission of the Order by the US Trustee's office ("Dismissal Order").

**3.** This motion is made on the basis that Debtor was in substantial compliance with this Court's Order on the date of dismissal, though was not 100% in compliance, but in the interval since the dismissal, the items that had not been accomplished, have been addressed as more fully set forth below and in the supporting Declaration of Conrado Hinojosa, counsel for the Debtor.

**4.** The Order After Hearing listed 11 items that were to be addressed by the Debtor, including 5 compliance requirements and 6 schedules, motions or other documents that were to be filed with the court by September 15, 2011.

**5.** The Debtor accomplished delivery of all 5 compliance items to the US Trustee's office on or before September 15, 2011 (See Declaration of Conrado Hinojosa).

**6.** The Debtor filed 4 of the 6 items that were to be filed with the court on or before September 15, 2011. (See Declaration of Conrado Hinojosa).

**7.** One of the items to be filed with the Court, item 2 i) of the Order After Hearing, was an Amended Schedule A regarding disclosure of all real properties. An Amended Schedule A was filed on August 16, 2011 (See Docket #38) together with other amendments including an amended Statement of Social Security Number. As a result, that pleading is hidden from the

public, so the Amended Schedule A was refiled on September 26, 2011 without the Social Security Statement so that the amendment can be seen as a public record. (See Docket #70)

8. The other 3 items that were timely filed with the court include the following numbered items (references are to subparts of paragraph numbered 2 of the Order After Hearing): a) Cash Flow Projection, filed August 31, 2011 (Docket #50); b) Monthly Operating Reports (MORs) for May, June and July, 2011, filed August 16 (Dockets # 41, 42 and 44). Though not part of the Order After Hearing, the MORs for August and September are in the process of being prepared for filing with the Court in anticipation of possible reinstatement of this case; g) Periodic Report, filed September 1, 2011 (Docket #54).

9. The only items not timely filed pursuant to the Order After Hearing were items 2. j) and 2. k), cash collateral pleadings and insider compensation pleadings.

10. With respect to the Cash Collateral pleading, this took more time than anticipated to prepare and, in any case, such pleading has been filed with the Court concurrently with this motion. If Debtor's motion is granted, the Debtor's Cash Collateral motion will be properly noticed for hearing and served on all appropriate parties.

11. With respect to the pleadings addressing insider Compensation, the Application for Insider Compensation is in the process of completion and can be sent to the office of the US Trustee for their Statement of Position by October 10, 2011.

12. Shortly following the dismissal of this case, Debtor's counsel called Ms. Haeji Hong, counsel for the US Trustee in this case, to determine the nature of the deficiencies in compliance with the Court's Order After Hearing and confirmed that the above summary is accurate insofar as which items were missing. Further, Debtor's counsel informed Ms. Hong in

that conversation that Debtor intended to file the instant motion to set aside the dismissal and reinstate the case. Ms. Hong indicated that the US Trustee's office would not take a position for or against the motion. See Declaration of Conrado Hinojosa.

13. Debtor is current on payment of his quarterly fees to the US Trustee.

WHEREFORE, the Debtor prays for an Order of this Court vacating the Dismissal Order and reinstating his case, *nunc pro tunc*, to September 21, 2011.

Respectfully Submitted,

**The Solutions Law Center**

Dated October 5, 2011  /S/Conrado Hinojosa
Conrado Hinojosa